IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BAKARI L. JEFFERSON, | § § § | |
| Plaintiff, | § § § | Civil Action No. 23-cv-00188-LY |
| v. | § § § | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, as TRUSTEE of STANWICH MORTGAGE LOAN TRUST J, | § § § § § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES
TO PLAINTIFF'S ORIGINAL PETITION AND COUNTERCLAIMS**

NOW COMES Defendant, Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust J ("Wilmington"), and files this Answer to Plaintiff's Original Petition (the "Petition") and would show the Court the following:

**A.     PLAINTIFF AND DISCOVERY LEVEL**

1.     In responding to the allegations set forth in paragraph 1 of the Petition, Wilmington neither admits nor denies the allegations related to Plaintiff's address and personal information for lack of sufficient knowledge or information. As to the allegations related to recitation of sections of the Texas Civil Practice and Remedies Code and the Taxes Civil Procedure Rule, the Code and Rule speak for themselves and Wilmington denies as untrue any allegations that are inconsistent with the Code and Rule.

**B.     DEFENDANT; SERVICE**

2.     In responding to the allegations set forth in paragraph 2 of the Petition, Wilmington admits that it is a federal savings bank that conducts business in Hays County, Texas. As to the allegations related to service, Wilmington submits that service is governed by Texas procedure

1

and rules and that any allegations that are inconsistent with Texas procedure and rules are denied as untrue.

3.  As to the allegations set forth in paragraph 3 of the Petition, Wilmington submits that service is governed by Texas procedure and rules and that any allegations that are inconsistent with Texas procedure and rules are denied as untrue.

### C.  JURISDICTION AND VENUE

4.  As to the allegations set forth in paragraph 4 of the Petition, Wilmington admits the allegations in the first sentence. Wilmington denies the allegations in the second sentence as untrue because the matter has been transferred to Federal Court. Wilmington admits the allegations in the third sentence. As to the fourth sentence, Wilmington denies that the Petition seeks monetary relief and denies that Plaintiff is entitled to any relief, equitable or monetary, as his substantive allegations are denied as untrue and lack merit.

### D.  MORTGAGE TRANSACTION; APPLICABLE LAW

5.  As to the allegations in paragraph 5 of the Petition, Wilmington admits the allegations in the first sentence regarding the Note and Deed of Trust, but denies the allegations related to Plaintiff's homestead for lack of sufficient knowledge or information. As to the allegations in the second sentence, including sub-paragraphs a.-e., the allegations refer to Exhibits and/or public records, which speak for themselves, and Wilmington denies any allegations that are inconsistent with the Exhibits and/or public records as untrue.

As to the allegations in the third sentence, they consist of a legal conclusion and as such, no response is required. To the extent that a response is required, Wilmington admits only that Carrington Foreclosure Services, LLC is entitled to act on its behalf for, among other things, purposes of foreclosure of the subject property.

As to the fourth sentence, Wilmington denies the allegations as untrue.

### E.   RESCISSION BARS TRUESTEE SALE

6. In responding to the allegations set forth in paragraph 6 of the Petition, Wilmington denies the allegations in sentences one and two for the reason that they are untrue. The allegations in sentences three, four, five, and six refer to cited legal authority which speaks for itself and does not warrant a response, although Wilmington denies as untrue any allegations that are inconsistent with the cited authority and denies that the authority cited is controlling or applicable to this matter.

### F.   DECLARATORY JUDGMENT VOID FORECLOSURE

7. In responding to the allegations set forth in paragraph 7 of the Petition, Wilmington denies the allegations in sentences one, two, three and five as untrue. Sentence four refers to an Exhibit that speaks for itself and Wilmington denies as untrue any allegations that are inconsistent with the Exhibit.

8. In responding to the allegations set forth in paragraph 8 of the Petition, Wilmington denies the allegations as untrue.

### G.   LIMITATION STATUTE BARS ENFORCEMENT OF LIEN

9. In responding to the allegations set forth in paragraph 9 of the Petition, the allegations of the first sentence reference a section of Texas' Civil Practice and Remedies Code that speaks for itself, but Wilmington denies any allegations that are inconsistent with the cited section. As to the second sentence, the allegations are denied as untrue as they reference a prior acceleration and a prior scheduled trustee's sale. The allegations in sentences three and four are denied as untrue.

### H.   SUIT TO QUIET TITLE

10. In responding to the allegations set forth in paragraph 10 of the Petition,

Wilmington denies the allegations as untrue and/or that Plaintiff is entitled to the relief requested.

### I.     APPLICATION FOR TEMPORARY RESTRAINING ORDER

11.  In responding to the allegations set forth in paragraph 11 of the Petition, Wilmington denies the allegations as untrue and/or that Plaintiff is entitled to the relief requested.

12.  In responding to the allegations set forth in paragraph 12 of the Petition, Wilmington denies the allegations as untrue and/or that Plaintiff is entitled to the relief requested.

13.  In responding to the allegations set forth in paragraph 13 of the Petition, Wilmington submits that the allegations consist of legal conclusions and references to legal authority to which no response is required. To the extent that a response is required, Wilmington denies that Plaintiff has established the elements for a temporary restraining order and/or that he is entitled to the relief requested.

14.  In responding to the allegations set forth in paragraph 14 of the Petition, Wilmington denies the allegations as untrue and/or that Plaintiff is entitled to the relief requested.

15.  In responding to the allegations set forth in paragraph 15 of the Petition, Wilmington submits that the allegations consist of legal conclusions and references to legal authority to which no response is required. To the extent that a response is required, Wilmington denies that Plaintiff has established the elements for a temporary restraining order and/or that he is entitled to the relief requested.

16.  In responding to the allegations set forth in paragraph 16 of the Petition, Wilmington submits that the allegations consist of legal conclusions and references to legal authority to which no response is required. To the extent that a response is required, Wilmington denies that Plaintiff has established the elements for a temporary restraining order and/or that he is entitled to the relief requested.

17. In responding to the allegations set forth in paragraph 17 of the Petition, Wilmington denies the allegations as untrue and/or that Plaintiff is entitled to the relief requested.

18. In responding to the allegations set forth in paragraph 18 of the Petition, Wilmington denies the allegations as untrue and/or that Plaintiff is entitled to the relief requested.

19. In responding to the allegations set forth in paragraph 19 of the Petition, Wilmington denies the allegations as untrue and/or that Plaintiff is entitled to the relief requested.

20. In responding to the allegations set forth in paragraph 20 of the Petition, Wilmington denies that Plaintiff is entitled to a temporary restraining order or any injunctive relief.

21. In responding to the allegations set forth in paragraph 21 of the Petition, Wilmington denies the allegations as untrue and/or that Plaintiff is entitled to the relief requested.

22. In responding to the allegations set forth in paragraph 22 of the Petition, Wilmington denies the allegations as untrue and/or that Plaintiff is entitled to the relief requested.

23. In responding to the allegations set forth in paragraph 23 of the Petition, Wilmington denies that Plaintiff is entitled to the relief requested. As to the allegations regarding Wilmington filing a Notice of Trustee Sale, Wilmington admits same and submits that it should be permitted to proceed with foreclosure.

24. In responding to the allegations set forth in paragraph 24 of the Petition, Wilmington submits that Plaintiff is not entitled to the relief requested.

### J.     APPLICATION FOR TEMPORARY INJUNCTION

25. In responding to the allegations set forth in paragraph 25 of the Petition, Wilmington submits that Plaintiff is not entitled to the relief requested.

### K.     CONDITIONS PRECEDENT

26. In responding to the allegations set forth in paragraph 26 of the Petition,

Wilmington denies the allegations as untrue based upon, among other things, Plaintiff's failure to make loan payments as required per the loan documents and as set forth in the counterclaim.

## L.   ATTORNEY FEES

27. In responding to the allegations set forth in paragraph 27 of the Petition, Wilmington denies the allegations as untrue.

## M.   PRAYER

28. In responding to the allegations set forth in paragraph 28 of the Petition, Wilmington denies the allegations as untrue.

29. WHEREFORE, PREMISES CONSIDERED, Texas Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust J, Defendant herein, respectfully prays that:

   a. The Court deny Plaintiff's claims and enter judgment in favor of Texas Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust J;
   b. Enter an order that Texas Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust J continue with the non-judicial foreclosure of the Property; and
   c. Award Texas Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust J its costs and attorney's fees.

## **AFFIRMATIVE DEFENSES AND DENIALS**

Pleading further, if necessary, Wilmington asserts the following affirmative defenses and denials.

1. Wilmington would show that the conditions necessary for any recovery hereunder by Plaintiff has not occurred or been satisfied.

2. Wilmington would show that Plaintiff's claims are barred because Plaintiff did not mitigate his damages, if any.

3. Wilmington would show that Plaintiff's claims are barred because Plaintiff's own

acts or omissions caused or contributed to Plaintiff's injuries, if any. In the event that the trier of fact determines that Plaintiff suffered any compensable damages, Wilmington requests that the Court apply Texas Civil Practice & Remedies Code Chapter 33 and requests determination of the proportion of responsibility for such damages by Plaintiff, Wilmington and responsible third-parties and grant judgment against Wilmington for only those damages for which it finds Wilmington proportionately responsible.

4. Wilmington would show that Plaintiff did not sustain any damages or injuries as a result of any act or omission of Wilmington. The purported injuries and/or damages asserted were caused solely by the negligence and/or conduct of Plaintiff.

5. Wilmington denies that any action or inaction by it was a producing or proximate cause of damages to Plaintiff.

6. Wilmington is not liable to Plaintiff because his claims are barred, in whole or in part, by the doctrine of unclean hands.

7. Wilmington is not liable to Plaintiff because of waiver, release, estoppel, ratification, acquiescence or consent.

8. The loan secured by the Deed of Trust remains unsatisfied.

9. Plaintiff has failed to state viable claims.

10. Plaintiff lacks standing to assert his claims.

11. Plaintiff has failed to establish the elements for injunctive relief.

12. The temporary restraining order entered by the State Court is defective and fails to comply with Texas statutes.

13. To the extent that Plaintiff relies upon unwritten representations, they are barred by the statute of frauds and/or the parole evidence rule.

9957512 v1 (74034.00003.000)

14. Plaintiff's claims fail because of his own prior material breach of the contract(s) on which he bases his claims.

15. Plaintiff's claims are barred by res judicata and collateral estoppel.

16. Plaintiff's claims are barred by the law of the case doctrine.

17. Plaintiff's claims are barred by the economic loss rule/doctrine.

18. Plaintiff's claims are barred by the statute of limitations and laches.

## **WILMINGTON'S ORIGINAL COUNTERCLAIMS**

Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust J ("Wilmington"), states the following for its counterclaims against Plaintiff Bakari L. Jefferson ("Plaintiff").

### I.   PARTIES

1. Wilmington is the defendant and the counter-plaintiff.

2. Mr. Jefferson is the plaintiff and the counter-defendant. He is already before this court and may be served at 19320 Berringer Dr., Pflugerville, TX 78660.

### II.   JURISDICTION AND VENUE

3. This court has supplemental jurisdiction over the state law claims asserted in Mr. Jefferson's petition and these counterclaims. This court has personal jurisdiction over Mr. Jefferson because he is a citizen of the State of Texas.

4. Venue is proper in this district because the conduct giving rise to Wilmington's counterclaims took place, and the property the subject of this suit is located, within this district.

### III.   STATEMENT OF RELEVANT FACTS

5. Wilmington's counterclaims concern the indebtedness and deed of trust securing the same as a lien against the real property and improvements at 221 Peppergrass Cove, Kyle,

Texas 78640 (the "Property"), and more particularly described as:

> LOT 8 BLOCK 1, INDIAN PAINTBRUSH SUBDIVISION PHASE 4B, A SUBDIVISION IN HAYS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN VOLUME 12, PAGE 140, PLAT RECORDS OF HAYS COUNTY, TEXAS.

6. On October 28, 2005, Mr. Jefferson obtained a loan from Alethes, LLC in the amount of $137,458 as evidenced by the note (the "Note) he executed. (**Ex.** 1, Note.) He executed a deed of trust dated October 28, 2005 (the "Deed of Trust") securing his obligation to repay the Note by granting a first lien security interest in the Property. (**Ex. 2**, Deed of Trust)

7. Mr. Jefferson modified the loan effective April 1, 20018. (*See* **Ex. 3**, loan modification). Wilmington is the current mortgagee of the Deed of Trust and holder of the Note. (*See* **Ex. 4**, assignments) Carrington Mortgage Services, LLC ("CMS") is the mortgage servicer. Mr. Jefferson defaulted on the Note by failing to make required installment payments. He was given notice of the default with an opportunity to cure, and warned if the default was not timely cured, the maturity of the loan would be accelerated.

8. On November 16, 2022, CMS, through its attorney, sent Plaintiff notice that the maturity of the loan had been accelerated and notice of foreclosure sale. On February 6, 2023, Plaintiff filed his lawsuit.

9. As of March 10, 2023, the principal balance due on the loan was $131,530.12, plus interest and fees. Wilmington has performed all conditions precedent to recovery, or such conditions have been waived or are excused.

## IV.   CAUSES OF ACTION

**A.   Breach of Contract.**

10. To maintain a claim for breach of contract, Wilmington must show: (1) the existence of a valid contract, (2) Wilmington's performance or tendered performance, (3),

9

Plaintiff's breach of the contract, and (4) damages sustained by Wilmington as a result of the breach. *See May v. Ticor Title Ins.*, 422 S.W.3d 93, 100 (Tex. App. – Houston [14th Dist.] 2014, no pet.).

11. The Note and Deed of Trust constitute a valid and enforceable contract, which require, among other things, Plaintiff pay monthly installments. Wilmington performed all of its obligations under the loan, but Plaintiff has not. Plaintiff breached the loan by failing to make all monthly installments due and owing.

12. Pursuant to the terms of the loan, in the event Plaintiff breaches, and after he has been provided an opportunity to cure the breach, Wilmington is entitled to accelerate the maturity of the loan, foreclose the deed of trust, and sell the Property, among other remedies available to it. The notice has been provided, but Plaintiff has not cured the default.

13. Plaintiff's breach damaged Wilmington. Wilmington sues for a judgment to recover all amounts due and owing under the loan, as well as all attorneys' fees and expenses incurred in enforcing the loan, and to specifically enforce its right to foreclose the Deed of Trust and sell the property in satisfaction of the judgment. Wilmington further sues to recover pre- and post-judgment interest on any amounts awarded herein.

14. To the extent necessary, Wilmington has presented its claim to Plaintiff, but he has not tendered the amount owed.

**B.   Judicial Foreclosure.**

15. Wilmington seeks an in rem judgment that it recover the indebtedness secured by the Deed of Trust, including all of its costs and expenses in enforcing the Note and Deed of Trust, including reasonable attorney's fees, that said judgment constitute a valid and enforceable lien against the Property, and that said judgment lien by foreclosed and the Property sold in satisfaction

of the judgment. By seeking this relief. And resulting in rem judgment, Wilmington is not waiving its rights to seek a personal judgment against Plaintiff for any deficiency of foreclosure sale proceeds in satisfying the total amount due under the Note.

## V.     ATTORNEY'S FEES

16.     Wilmington seeks to recover from Plaintiff the reasonable and necessary costs and expenses, including attorneys' fees, incurred in bringing these claims.

## VI.     PRAYER

Wilmington respectfully prays this court render judgment that Mr. Jefferson takes nothing by his suit and award Wilmington any and all relief to which it may be justly entitled on its claims for breach of contract and judicial foreclosure, including, but not limited to, an award of its reasonable and necessary attorneys' fees and costs of court.

Dated: March 13, 2023

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:/s/*Michael P. Ridulfo*
Michael P. Ridulfo
State Bar No. 16902020
Federal Bar No. 27086
5151 San Felipe Street, Suite 800
Houston, Texas 77056
Ph: (713) 425-7400
Fax: (713) 425-7700
mridulfo@krcl.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.  In addition, I served the foregoing paper via email to:

David Rogers
Law Office of David Rogers
821 Grand Avenue Parkway, Suite 401-B
Pflugerville, Texas 78660
Email: firm@DARogersLaw.com
Fax: (512) 685-1144

                                         By:/s/ *Michael P. Ridulfo*
                                                Michael P. Ridulfo

9957512 v1 (74034.00003.000)